UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARION A. MILLER, on behalf of
K.W., a minor,

       Plaintiff,

v.                                             Case No. 1:09-cv-1105
                                               Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Social Security Income (SSI).

Plaintiff was born on December 30, 1992 (AR 46).[2] Plaintiff's application for SSI was filed on March 15, 2005 (AR 16). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing, reviewed plaintiff's claim *de novo*, and entered a decision denying the claim on August 25, 2008 (AR 13-25). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the court for review.

---

[1] Although Marion A. Miller is the nominal plaintiff, the term "plaintiff" herein shall refer to her minor daughter K.W., the real party in interest. The court notes that the administrative law judge's decision refers to the minor, K.L.A., as "the claimant."

[2] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or

which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

There is a three step process in determining whether a child is "disabled" under the new definition set forth in the Act. First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

*Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). *See also*, *Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 832 (6th Cir. 2009) (listing framework for a three-step inquiry).

The regulations provide separate tests for determinations at step three of the process. 20 C.F.R. § 416.924(d). First, "[i]n order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. *See* 20 C.F.R. § 416.924(a)." *Elam*, 348 F.3d at 125. "It is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Id.* Second, an impairment is "medically equivalent" to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). Third, an impairment may be functionally equivalent to a listed impairment.

The criteria for determining functional equivalence to a listing is based upon six "domains" of functioning: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and, health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To establish "functional equivalence" of a listed impairment, the claimant has to show either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A

3

"marked limitation" in a domain "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme limitation" in a domain 'interferes very seriously with your ability to independently initiate, sustain, or complete activities."

## II. ALJ'S DECISION

Following the three steps, the ALJ found that plaintiff was 15 years old and in the 10th grade (AR 16). Plaintiff alleged a disability due to a learning disability and cognitive impairment and has not engaged in substantial gainful activity at any time relevant to the decision (AR 16). At step two, the ALJ found that plaintiff suffered severe impairments of a cognitive impairment (mild mental retardation) and a learning disorder (AR 16 and 18). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets, medically equals or functionally equals on of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 17-25).

In determining whether plaintiff's limitations functionally equaled a listed impairment, the ALJ relied on the opinions of two physicians who concluded that plaintiff had no extreme limitations and a marked limitation in only one domain (i.e., acquiring and using information) (AR 18). Based upon these opinions the ALJ found: that plaintiff had a "marked limitation" in acquiring and using information; that plaintiff had a "less than marked limitation" in attending and completing tasks, interacting and relating with others, and in health and physical well being; and that plaintiff had no limitation in moving about and manipulating objects, and caring for yourself (AR 19-25). The ALJ concluded that plaintiff was not under a "disability" as defined in the Social Security Act at any time since March 15, 2005, the date the application was filed (AR 25).

4

## III. ANALYSIS

Plaintiff has raised two issues on appeal.

**A.  The Commissioner erred in failing to conclude that plaintiff met the listing of impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05.**

Plaintiff contends that her IQ scores, when combined with her additional significant impairment of a learning disability, are sufficient to meet the requirements of Listing 12.05 C. A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 416.920(d).

> Listing 12.05 provides in pertinent part as follows:
>
> Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> \*   \*   \*
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 CFR Pt. 404, Subpt. P, App. 1, Listing 12.05.

It is undisputed that plaintiff met the IQ requirements of Listing 12.05 C. Plaintiff points out that Valerie Domino, M.D., completed a Childhood Disability Evaluation Form which identified plaintiff as having a verbal IQ of 71, a performance IQ of 67 and a full scale IQ of 66 (AR 221 and 233). The medical expert at the hearing, Dr. Kumar, noted that plaintiff's IQ scores have been consistent (i.e., "in the ballpark") throughout the record (AR 260). However, defendant contends that plaintiff failed to meet the requirements of the listing because she was not diagnosed with mental retardation. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) ("recent amendments to the regulations further clarify that a claimant will meet the listing for mental retardation only '[i]f [the claimant's] impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria. . . .' 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A) [noting that "Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation"]"). The court disagrees with defendant's contention.

6

The ALJ found that plaintiff suffered from a severe impairment of a cognitive impairment and later mentioned the May 2005 Childhood Disability Evaluation form from the DDS which referred to plaintiff's "severe impairment of mental retardation" (AR 16 and 18). Dr. Domino, the physician who prepared the Childhood Disability Evaluation form, identified plaintiff's impairment as "Mild Mental Retardation" (AR 219). While this evaluation reviewed the six domains for functional equivalence of a listed impairment, it did not address the elements for Listing 12.05 B (AR 219-24).

Plaintiff has two IQ scores below 70. In May 2005, a physician opined that plaintiff suffered from mild mental retardation. In addition, the ALJ found that plaintiff suffered from an additional severe impairment of a learning disorder. Under these circumstances, it appears that plaintiff could meet the requirements for Listing 12.05 C. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405g for a re-evaluation of whether plaintiff meets the requirements for Listing 12.05 C.

> **B.** **There is no substantial evidence to support the decision of the Commissioner that the plaintiff is not markedly limited in two domains.**

Plaintiff also contends that her condition is functionally equivalent to a listed impairment because she has marked limitations in two domains. Plaintiff states in a conclusory fashion that "[t]he record is replete with problems in focus, attention, concentration, and behavior" and cites a school record which indicates six disciplinary events and 12 days of suspension in the 2004/2005 school year (AR 178). Plaintiff's Brief at p. 7. Plaintiff's conduct involved such actions as putting food on other students, not following directions, being disrepectful to teachers, open defiance of teachers during class, mocking activity in class, asking senseless questions, refusing to

7

accept accountability for her words or actions, chasing another student in class, hitting other students and pulling another student's hair (AR 178).

Plaintiff's brief, however, fails to explain how plaintiff's reported conduct translates into a marked limitation in a particular domain with the alleged marked limitations. This reported activity could apply to three different domains: attending and completing tasks (i.e., "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them") 20 C.F.R. § 416.926a(h); interacting and relating with others ("how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others") 20 C.F.R. § 416.926a(i); or caring for yourself ("how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area") 20 C.F.R. § 416.926a(k).

While plaintiff has identified six instances of conduct, she has not explained how that conduct translates into a marked limitation of a particular domain or how the Commissioner committed error in evaluating a particular domain. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate

arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). This argument should be deemed waived on this record.

**IV.    Recommendation**

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence-four of § 405(g) for the Commissioner to evaluate whether plaintiff meets the requirements of Listing 12.05 C.


Dated: January 25, 2011                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).